O

# United States District Court
# Central District of California

| | |
|---|---|
| JARRET A. GREEN,<br><br>              Plaintiff,<br><br>     v.<br><br>JPMORGAN CHASE BANK, N.A.;<br>JPMORGAN CHASE & CO.; PAUL<br>SCHWAB; KARI JONES; DOES 1–10,<br>inclusive,<br><br>              Defendants. | Case No. 2:14-cv-01703-ODW(JEMx)<br><br>**ORDER GRANTING DEFENDANT CHASE BANK USA, N.A.'S MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT [15]** |

This action arises out of a failed partnership between two lawyers, Plaintiff Jarret A. Green and Neal S. Zaslavsky. After the partnership dissolved, Green alleges that Zaslavsky committed fraud and embezzlement by using the dissolved partnership's credit cards for personal expenses including a lavish trip to Hawaii. Defendants enter the picture by allegedly failing to detect and halt the fraudulent credit-card activity. The Complaint contains numerous claims against Defendants including, but not limited to, state-law claims for fraud and intentional infliction of emotional distress and federal claims for violations of the Truth in Lending Act and Bank Secrecy Act. (*See* ECF No. 1, Ex. A.)

Notably, Green has not brought claims against Zaslavsky in this action. But Defendant Chase Bank USA, N.A.[1] ("Chase") wants Zaslavsky brought in by seeking

---
[1] Chase was erroneously sued as JPMorgan Chase Bank, N.A.

leave to file a third-party complaint for equitable indemnity and declaratory relief. For the reasons discussed below, the Court **GRANTS** Chase's unopposed Motion for Leave to File a Third-Party Complaint.[2] (ECF No. 15.)

Third-party practice is governed by Federal Rule of Civil Procedure 14. "A defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). It is not sufficient that a third-party claim is related or arises out of the same set of facts. *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983), *cert. denied*, 464 U.S. 1071 (1984). A "third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim *and* the third party's liability is secondary or derivative." *Id.* (emphasis added); *see also Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 199–200 (9th Cir. 1988); *Krainski v. Mill*, 356 Fed. Appx. 951, 952 (9th Cir. 2009). The decision to permit the impleader of a third-party defendant rests within the sound discretion of the trial court. *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986); *see also* Fed. R. Civ. P. 14 advisory committee notes.

The Court finds that impleader of Zaslavsky is proper under Rule 14. As Chase points out, Zaslavsky's alleged fraud and embezzlement triggered all of the events that Green alleges caused him harm. Moroever, Chase limits its third-party complaint to claims for equitable indemnity and declaratory relief, requesting to transfer all or some of its potential liability for damages to Zaslavsky. Since Chase does not seek additional relief from Zaslavsky, the third-party action is entirely dependent on the outcome of the present lawsuit, and thus impleader is appropriate.

Moreover, impleader is unlikely to prejudice any of the existing parties to the suit as the Motion is unopposed and both Green and Chase will need to subpoena and depose Zaslavsky for this case. Zaslavsky is also likely to be called as a witness at

---

[2] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

trial.  In addition, impleader will not confuse the issues at trial or cause undue delay.  This action is in its early stages, and the facts surrounding Zaslavsky's liability in the proposed third-party action will clearly overlap with the facts at issue in this action.

Accordingly, the Court **GRANTS** Chase's Motion for Leave to File a Third-Party Complaint.  (ECF No. 15.)  Chase shall file the third-party complaint against Zaslavsky **no later than 7 days** from the date of this Order.

**IT IS SO ORDERED.**

August 28, 2014

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**